# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MARCUS L. WALLACE,** | : | CIVIL NO. 3:12-CV-1366 |
| | : | |
| Petitioner, | : | ( Judge Kosik) |
| | : | |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| **DANIEL KEEN,** | : | |
| | : | |
| Respondent. | : | |

## REPORT AND RECOMMENDATION

**I.     Statement of Facts and of the Case**

The petitioner, Marcus Wallace, is awaiting trial on homicide charges in the Court of Common Pleas of Franklin County. (Doc. 1.) In his petition, Wallace seeks to have this court collaterally review certain pre-trial rulings in his state court case. Wallace invites us to intervene in this case even though the trial of this case has not concluded, and Wallace has not yet commenced any of his post-conviction remedies through direct appeals or post-conviction relief act petitions under Pennsylvania's Post Conviction Relief Act (PCRA), 42 Pa. C.S.A. §§ 9541, et seq.  (Id.) Wallace's petition, therefore, presents us with the paradigm of an unexhausted federal habeas corpus petition, a petition whose claims have not been properly presented and preserved in the state courts.

What makes the unusual procedural posture of this case even more remarkable is the fact that, while Wallace has not yet concluded this state case, this petition is the

second federal habeas corpus petition which Wallace has filed in this case. <u>Wallace v. Commonwealth</u>, Civil No. 3:10-CV-13019 (M.D.Pa.) That prior petition was dismissed by this court because Wallace had manifestly failed to exhaust his state remedies before proceeding to federal court, as he is required to do by law. Citing the clearly unexhausted nature of this petition, the respondents have filed a response which urges that the petition be summarily dismissed. (Doc. 7.)

We concur that the same fate should befall this, Wallace's second habeas corpus petition. Since the petitioner has not satisfied this threshold legal requirement prescribed by statute by exhausting his state remedies before proceeding into federal court, we submit that this petition is subject to summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

## II. Discussion

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court.

In order to obtain federal habeas corpus relief, a state prisoner seeking to invoke the power of this Court to issue a writ of habeas corpus must satisfy the standards prescribed by 28 U.S.C. § 2254, which provides in part as follows

> (a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.
>
> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
>
> > (A) the applicant has exhausted the remedies available in the courts of the State;
>
> . . .
>
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

28 U.S.C. § 2254 (a) and (b).

As this statutory text implies, state prisoners must meet exacting substantive and procedural benchmarks in order to obtain habeas corpus relief. At the outset, a petition must satisfy exacting substantive standards to warrant relief. Federal courts may "entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §

2254(a). By limiting habeas relief to state conduct which violates "the Constitution or laws or treaties of the United States," § 2254 places a high threshold on the courts. Typically, habeas relief will only be granted to state prisoners in those instances where the conduct of state proceedings led to a "fundamental defect which inherently results in a complete miscarriage of justice" or was completely inconsistent with rudimentary demands of fair procedure. See, e.g., Reed v. Farley, 512 U.S. 339, 354 (1994). Thus, claimed violations of state law, standing alone, will not entitle a petitioner to § 2254 relief, absent a showing that those violations are so great as to be of a constitutional dimension. See Priester v. Vaughan, 382 F.3d 394, 401-02 (3d Cir. 2004).

Furthermore, state prisoners seeking relief under Section 2254 must also satisfy specific, and precise, procedural standards. Among these procedural prerequisites is a requirement that the petitioner " has exhausted the remedies available in the courts of the State" before seeking relief in federal court. 28 U.S.C. § 2254(b). Section 2254's exhaustion requirement calls for total exhaustion of all available state remedies. Thus, a habeas petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). In instances where a state prisoner has failed to exhaust the legal remedies available to him in the state courts, federal courts typically will refuse to

entertain a petition for habeas corpus. See Whitney v. Horn, 280 F.3d. 240, 250 (3d Cir. 2002).

This statutory exhaustion requirement is rooted in principles of comity and reflects the fundamental idea that the state should be given the initial opportunity to pass upon and correct alleged violations of the petitioner's constitutional rights. O'Sullivan v. Boerckel, 526 U.S. 838, 844 (1999).  As the Supreme Court has aptly observed: "a rigorously enforced total exhaustion rule" is necessary in our dual system of government to prevent a federal district court from upsetting a state court decision without first providing the state courts the opportunity to correct a constitutional violation.  Rose v. Lundy, 455 U.S. 509, 518 (1982).  Requiring exhaustion of claims in state court also promotes the important goal of ensuring that a complete factual record is created to aid the federal courts in their review of a § 2254 petition. Walker v. Vaughn, 53 F.3d 609, 614 (3d Cir. 1995).  A petitioner seeking to invoke the writ of habeas corpus, therefore, bears the burden of showing that all of the claims alleged have been "fairly presented" to the state courts, and the claims brought in federal court must be the "substantial equivalent" of those presented to the state courts.  Evans v. Court of Common Pleas, 959 F.2d 1227, 1231 (3d Cir. 1992); Santana v. Fenton, 685 F.2d 71, 73-74 (3d Cir. 1982).  A petitioner cannot avoid this responsibility merely by suggesting that he is unlikely to succeed in seeking state relief, since it is well-settled

that a claim of "likely futility on the merits does not excuse failure to exhaust a claim in state court." Parker v.Kelchner, 429 F.3d 58, 63 (3d Cir. 2005).

While Wallace, as a state pre-trial detainee, may seek to avoid the statutory exhaustion requirements of § 2254 by casting his petition as a habeas corpus petition under 28 U.S.C. § 2241, these efforts are ultimately unavailing. In this regard, we acknowledge that state prisoners seeking pre-trial habeas corpus relief may turn to the general habeas corpus statute, 28 U.S.C. § 2241, instead of relying upon § 2254. See Paladino v. King, 247 F. App'x. 393, 394-95 (3d Cir. 2007). However, it is equally clear that § 2241 imposes its own exhaustion requirements upon state prisoners, who seek to avoid the exhaustion mandated by statute under § 2254. As this court has previously noted, while:

> It is under this section [§ 2241] that district courts have jurisdiction to issue a writ of habeas corpus before judgment is rendered in a state court proceeding. See Moore v. DeYoung, 515 F.2d 437, 442 & n. 5 (3d Cir.1975); see also Paladino v. King, 247 Fed. Appx. 393, 394–95 (3d Cir.2007) (challenges to pretrial incarceration are properly pursued in a § 2241 petition) (nonprecedential).

> Although a petitioner is authorized to seek pre-conviction habeas relief, he still is required to exhaust state court remedies before filing a federal habeas petition. It is well-settled in the area of *post-conviction* habeas relief that, as mandated by 28 U.S.C. § 2254(b)(1)(A), a petitioner seeking federal habeas relief must demonstrate that he or she "has exhausted the remedies available in the courts of the State ...." 28 U.S.C. § 2254(b)(1)(A); O'Sullivan v. Boerckel, 526 U.S. 838, 842, 847, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999); Evans v. Court of Common Pleas, Delaware Cty., Pa., 959 F.2d 1227, 1234 (3d Cir.1992), cert. dismissed

506 U.S. 1089, 113 S.Ct. 1071, 122 L.Ed.2d 498 (1993). Although 28 U.S.C. § 2243(c)(3) does not set forth an exhaustion requirement for petitioners seeking *pre-conviction* habeas relief, an exhaustion requirement has developed through decisional law. See Schandelmeier v. Cunningham, 819 F.2d 52, 53 (3d Cir.1986) ("The state court exhaustion requirement is mandated by statute under 28 U.S.C. 2254(b) and has developed through decisional law ... as to claims brought under 28 U.S.C. § 2241.") (citing Braden v. 30th Judicial Circuit of Kentucky, 410 U.S. 484, 490–91, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973)); see also Moore, 515 F.2d at 442 ("although there is a distinction in the statutory language of ss 2254 and 2241, there is no distinction insofar as the exhaustion requirement is concerned."). "The exhaustion requirement ensures that state courts have the first opportunity to review federal constitutional challenges to state convictions and preserves the role of state courts in protecting federally guaranteed rights." Caswell v. Ryan, 953 F.2d 853, 857 (3d Cir.1992), cert. denied, 504 U.S. 944, 112 S.Ct. 2283, 119 L.Ed.2d 208 (1992).

To satisfy the exhaustion requirement, a petitioner must demonstrate that the claim raised in the federal petition was "fairly presented" to the state courts. Duncan v. Henry, 513 U.S. 364, 365, 115 S.Ct. 887, 130 L.Ed.2d 865 (1995) (quoting Picard v. Connor, 404 U.S. 270, 275, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971)). "This requires that the claim brought in federal court be the substantial equivalent of that presented to the state courts. Both the legal theory and the facts supporting a federal claim must have been submitted to the state courts." Lesko v. Owens, 881 F.2d 44, 50 (3d Cir.1989), cert. denied, 493 U.S. 1036, 110 S.Ct. 759, 107 L.Ed.2d 775 (1990) (internal citations omitted).

Where state court remedies are unexhausted, as recognized by the United States Supreme Court in Younger v. Harris, 401 U.S. 37 (1981), "principles of federalism and comity require district courts to abstain from enjoining pending state criminal proceedings absent extraordinary circumstances." Port Auth. Police Benevolent Assoc., Inc. v. Port Auth. of N.Y. and N.J. Police Dep't., 973 F.2d 169, 173 (3d Cir.1992). It is only when the circumstances demonstrate that a petitioner faces the threat of suffering irreparable harm that federal court intervention will be justified.

See Dombrowski v. Pfister, 380 U.S. 479, 482–83, 85 S.Ct. 1116, 14 L.Ed.2d 22 (1965).

Green v. Piazza, 1:11-CV-1456, 2011 WL 3739356 (M.D. Pa. Aug. 23, 2011)

Thus, in this case, whether cast as a petition under § 2241 or § 2254, from the face of the petition it is evident that the petitioner has not met the exhaustion requirement required by law. Moreover, Wallace has provided no justification or excuse for this wholesale failure to exhaust his state legal remedies which would warrant foregoing the exhaustion requirement that is plainly prescribed by law. Therefore, Wallace's failure to exhaust these state remedies should not be excused, and his petition for writ of habeas corpus should be dismissed.

### III. **Recommendation**

Accordingly, for the foregoing reasons, upon consideration of this Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241, and the Response in Opposition to this Petition, IT IS RECOMMENDED that the Petition be DISMISSED, without prejudice, and that a certificate of appealability should not issue. The Petitioner is further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed

findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 17th day of September, 2012.

            ***S/Martin C. Carlson***
            Martin C. Carlson
            United States Magistrate Judge