UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

MARCUS L. WALLACE,

Petitioner,

v.

DANIEL KEEN,

Respondent.

Civil Action No. 3:12-CV-1366

(Judge Kosik)

## MEMORANDUM

Petitioner, Marcus L. Wallace, a pretrial detainee confined at the Franklin County Jail in Chambersburg, Pennsylvania, initiated this action with the filing of a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). On September 17, 2012, Magistrate Judge Martin C. Carlson[1] issued a Report and Recommendation ("R&R") recommending that the Petition be dismissed, without prejudice, for failure to exhaust state remedies. (Doc. 8). Currently before the Court is Petitioner's document entitled "Objection to Magistrate Judge's Report and Recommendation." (Doc. 9). For the reasons which follow, we will adopt the R&R and dismiss the petition without prejudice.

### Factual Background & Procedural History

Petitioner is awaiting trial on homicide charges in the Court of Common Pleas of Franklin County. (Doc. 1). In his Petition, Petitioner challenges an order of the Court of Common Pleas of Franklin County entered on May 16, 2012 denying his omnibus pretrial motion in his pending state case. (*Id.*). As the Magistrate Judge explains, Petitioner "invites us to intervene in this case even though the trial of his case has not concluded, and [Petitioner] has not yet commenced any of his post-conviction remedies through direct appeals or post-conviction relief act petitions under Pennsylvania's Post Conviction Relief Act [("PCRA")],

---

[1]The case was originally assigned to Magistrate Judge Andrew Smyser. (*See* Docket Report, 07/26/2012). On September 4, 2012, the case was reassigned to Magistrate Judge Carlson, pending the appointment of a new United States Magistrate Judge. (*Id.* at 09/04/2012).

42 Pa. C.S.A. §§ 9541, et seq." (Doc. 8, p. 1).

This is the second federal habeas corpus petition that the Petitioner has filed in this case. *See Wallace v. Commonwealth,* Civil Action No. 3:10-CV-1309 (M.D. Pa.). That petition was dismissed by this Court on September 29, 2010 because Petitioner had failed to exhaust his available state remedies at this pretrial stage of his state criminal prosecution. *Id.* at Doc. 26. Respondent filed an answer to the instant habeas corpus petition and asked that it be dismissed citing the previously dismissed Petition for Writ of Habeas Corpus, the obvious lack of exhaustion of state remedies, and principles of comity and abstention. (Doc. 7).

## Standard of Review

When objections are filed to a report and recommendation of a magistrate judge, we review de novo the portions of the report to which objections are made. 28 U.S.C. § 636(b)(1)(C); *see Sample v. Diecks,* 885 F.2d 1099, 1106 n.3 (3d Cir. 1989). Written objections to a report and recommendation must "specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections." M.D. Pa. Local R. 72.3. We may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); M.D. Pa. Local R. 72.3. Although our review is de novo, we are permitted to rely upon the magistrate judge's proposed recommendations to the extent that we, in the exercise of sound discretion, deem proper. *See United States v. Raddatz,* 447 U.S. 667, 676 (1980); *see also Goney v. Clark,* 749 F.2d 5, 7 (3d Cir. 1984).

## Discussion

A habeas corpus petition pursuant to 28 U.S.C. § 2241 is the proper mechanism for challenges that exist before judgment is rendered in a state court criminal proceeding. *Moore v. DeYoung,* 515 F.2d 437, 442 (3d Cir. 1975). Rule 4 of the Rules Governing Section 2254

Cases in the United States District Court[2] provides, in part, that: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." U.S. R. Gov'g 2254 Cases 4.

Before a federal court can review the merits of a state prisoner's habeas petition, it must determine whether the petition has met the requirements of exhaustion. Relief cannot be granted unless all available state remedies have been exhausted, or there is an absence of available state corrective process, or circumstances exist that render such process ineffective to protect the rights of the applicant. *See* 28 U.S.C. § 2254(b)(1)[3]. The exhaustion requirement is grounded on principles of comity in order to ensure that state courts have the initial opportunity to review federal constitutional challenges to state convictions. *See Werts v. Vaughn*, 228 F.3d 178, 192 (3d Cir. 2000).

To satisfy the exhaustion requirement, a federal habeas petitioner must have presented the facts and legal theory associated with each claim through "one complete round of the State's established appellate review process."[4] *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999); *see also Holloway v. Horn*, 355 F.3d 707, 714 (3d Cir. 2004). A petitioner is not deemed to have exhausted the remedies available to him if he has a right under the state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c); *Castille v. Peoples*, 489 U.S. 346, 350 (1989). The petitioner bears the burden of demonstrating that he

---

[2] "The district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)." U.S. R. Gov'g 2254 Cases 1(b).

[3] "Although there is a distinction in the statutory language of §§ 2254 and 2241, there is no distinction insofar as the exhaustion requirement is concerned." *Moore v. DeYoung*, 515 F.2d 437, 442 (3d Cir. 1975).

[4] Pursuant to Pennsylvania Supreme Court Order 218, effective May 9, 2000, issues presented to the Pennsylvania Superior Court are considered exhausted for the purpose of federal habeas corpus relief under Section 2254. *See In re: Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases*, No. 218, Judicial Administration Docket No. 1 (May 5, 2000)(per curiam). As such, petitioners are not required to seek review from the Pennsylvania Supreme Court in order to give the Pennsylvania courts a "full opportunity to resolve any constitutional claims." *Lambert v. Blackwell*, 387 F.3d 210, 233 (3d Cir. 2004).

has satisfied the exhaustion requirement. *Lines v. Larkins*, 208 F.3d 153, 159 (3d Cir. 2000) (*citing Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997)).

In the R&R, the Magistrate Judge recommends dismissing the petition for failure to exhaust available state court remedies. (Doc. 8). Petitioner objects to this recommendation explaining that he attempted to appeal, *pro se*, the order of the Court of Common Pleas of Franklin County entered on May 16, 2012 denying his omnibus pretrial motion, which was filed by counsel, in his pending state case but was prevented from exhausting his state law remedies due to ineffective assistance of counsel.[5] (Doc. 9, p. 4). Petitioner further argues that filing in the state court is not appropriate or effective and that he will suffer irreparable injury. (*See* Doc. 9).

When deciding whether a federal court should ever grant a pretrial writ of habeas corpus to a state prisoner, the Third Circuit has held:

> (1) federal courts have "pre-trial" habeas corpus jurisdiction;
>
> (2) that jurisdiction without exhaustion should not be exercised at the pre-trial stage unless extraordinary circumstances are present (internal citations omitted);
>
> (3) where there are no extraordinary circumstances and where petitioner seeks to litigate the merits of a constitutional defense to a state criminal charge, the district court should exercise its "pre-trial" habeas jurisdiction only if petitioner makes a special showing of the need for such adjudication and has exhausted state remedies. (internal citations omitted).

*Moore,* 515 F.2d at 443.

Petitioner has failed to exhaust his available state court remedies but alleges that he

---

[5]Petitioner attempted to exhaust by appealing, *pro se*, the order using state court remedies, but his appeals were quashed/withdrawn after the Superior Court of Pennsylvania received letters written by Judge Richard J. Walsh and Petitioner's co-counsel Michael J. Toms, Esq. The letters asked for the appeals to be quashed/withdrawn because they were interlocutory appeals and because Petitioner was represented by counsel in his state case. (*See* Doc. 9). As noted by Judge Walsh in his letter, Rule 3304 of the Pennsylvania Rules of Appellate Procedure states that "[w]here a litigant is represented by an attorney before the Court and the litigant submits for filing a petition, motion, brief or any other type of pleading in the matter, it shall not be docketed but forwarded to counsel of record." Pa. R.A.P. Rule 3304. *See also Commonwealth v. Glacken,* 32 A.3d 750, 753 (Pa. Super. 2011) ("Nonetheless, given the clear language of Rule 3304 and our Supreme Court's holding in *Ellis* that an appellant must either allow his attorney to represent him or request permission to proceed *pro se,* we are constrained to quash Glacken's appeal for lack of a counseled brief.").

will suffer irreparable injury if we do not rule on his habeas corpus petition. Petitioner complains that he is receiving ineffective assistance of counsel and that had counsel been effective, his criminal case would already have been dismissed. (Doc. 9, p. 6-9). He further complains about inordinate delay and judicial bias. (*Id.*). These allegations do not amount to the exceptional circumstances needed to allow us to exercise jurisdiction without the required state exhaustion. According to Respondent's Answer to Petition for Habeas Corpus, Petitioner's trial is scheduled to occur on December 3, 2012, through December 21, 2012. (Doc. 7). While we are sympathetic to Petitioner's frustrations with his state court proceedings, these frustrations do not permit him to flout the requirements necessary for the granting of a federal habeas corpus petition. As we explained to Petitioner in his previous case, he must exhaust his available state court remedies before a Petition for Writ of Habeas Corpus can be considered. *See Wallace v. Commonwealth,* Civil Action No. 3:10-CV-1309 (M.D. Pa.) at Doc. 26.

Even if Petitioner had exhausted his available state court remedies, we would dismiss the petition on the basis of abstention. In *Younger v. Harris,* the Supreme Court held in the criminal context that a federal court should exercise its discretion to abstain from interfering with a pending state criminal proceeding. *Younger v. Harris,* 401 U.S. 37, 41 (1971). According to *Younger,* a federal court should abstain from granting federal injunctive relief in an ongoing criminal matter unless federal judicial intervention is absolutely necessary to protect the rights of the state criminal defendant. *Id.* The Court of Appeals for the Third Circuit has held that *Younger* abstention is appropriate only if "'(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal claims.'" *Marran v. Marran,* 376 F.3d 143, 154 (3d Cir. 2004) (quoting *Schall v. Joyce,* 885 F.2d 101, 106 (3d Cir. 1989)).

Exceptions to the *Younger* doctrine exist when irreparable injury is "both great and

immediate," *Younger*, 410 U.S. at 46, where the state law is "flagrantly and patently violative of express constitution prohibitions," *id.* at 53, or where there is a strong showing of "bad faith, harassment, or . . . other unusual circumstances that would call for equitable relief," *id.* at 54. The Third Circuit has stated that despite the existence of the three requirements, abstention is still inappropriate if the ongoing state proceedings are undertaken in bad faith or to harass the plaintiff, or some extraordinary circumstance would prevent a significant and immediate potential for irreparable harm to the asserted federal interest by deferring to the state courts. *See Anthony v. Council*, 316 F. 3d 412, 418 (3d Cir. 2003).

*Younger* abstention is appropriate in this case because all three requirements have been met. In the current case, there are ongoing state proceedings that are judicial in nature as Petitioner's trial is set to begin in December; the state proceedings implicate important state interests because Petitioner has been brought up on criminal charges of attempted homicide and criminal prosecution for violating state criminal laws is an important state interest; and the Petitioner will be afforded an adequate opportunity to raise federal claims in state court proceedings in post sentence motions and during state court appellate proceedings.

In his Petition and Objections, Petitioner has not successfully made a strong showing of bad faith, harassment, or other unusual circumstances. His issues with the state court proceedings show that he is unhappy with his counsel and the Court of Common Pleas of Franklin County, but do not strongly suggest there is bad faith, harassment, or unusual circumstances. Although he claims he will suffer irreparable injury, "[i]t does not appear from the record that [Petitioner has] been threatened with any injury other than that incidental to every criminal proceeding brought lawfully and in good faith..." *Younger,* 401 U.S. at 47 *quoting Douglas v. Jeannette,* 319 U.S. 157, 164 (1943). We see no reason why the federal court should intervene at this point, as opposed to allowing the state proceedings to move forward. We will exercise our discretion and abstain from ruling on his petition.

**Conclusion**

For the reasons explained above, the Petition for Writ of Habeas Corpus will be dismissed without prejudice. Petitioner has failed to exhaust his available state court remedies. Beyond that, we should exercise our discretion and abstain from interfering since there is a pending state criminal proceeding.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

MARCUS L. WALLACE,

       Petitioner,

         v.

DANIEL KEEN,

       Respondent.

Civil Action No. 3:12-CV-1366

(Judge Kosik)

## ORDER

AND NOW, this **19** day of October, 2012, IT IS HEREBY ORDERED THAT:

1. The Report and Recommendation of Magistrate Judge Martin C. Carlson (Doc. 8) is ADOPTED;

2. Petitioner's Objection to the Magistrate Judge's Report and Recommendation (Doc. 9) is OVERRULED;

3. Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is DISMISSED WITHOUT PREJUDICE;

4. The Clerk of Court is directed to CLOSE this case, and to FORWARD a copy of this Memorandum and Order to the Magistrate Judge; and

5. Based on the court's conclusions herein, there is no basis for the issuance of a certificate of appealability.

Edwin M. Kosik
United States District Judge